IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Hezekiah Hamilton, (R26458), | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 15 C 7592 |
| v. | ) | |
| | ) | Judge James B. Zagel |
| | ) | |
| Kimberly Butler, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

    Petitioner's motion to stay these proceedings [3] is granted. Petitioner is admonished that it is in his best interest to file an amended federal habeas corpus petition raising all claims as soon as possible. The parties shall file a written status report detailing the current status of Petitioner's pending state court proceedings by not later than January 4, 2016. Respondent shall not answer or otherwise respond to the habeas corpus petition at this time. Respondent shall enter an appearance by no later than November 1, 2015. Respondent Attorney General of the State of Illinois is terminated. The Clerk is instructed to alter the docket to reflect that Respondent is Kim Butler, Warden, Menard Correctional Center.

**STATEMENT**

    Petitioner Hezekiah Hamilton, a prisoner confined at the Menard Correctional Center, brings this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2254 challenging his 2010 murder conviction from the Circuit Court of Kane County. Petitioner has paid the filing fee. [6] Pending before the Court is Petitioner's motion to stay these proceedings. [3]

    The present habeas corpus petition raises three claims: (1) ineffective assistance of trial counsel for eliciting and failing to object to prejudicial other crimes evidence; (2) ineffective assistance of appellate counsel for failing to raise the other crimes evidence issue on appeal; and, (3) an excessive sentence. Petitioner has completed his direct appeal and first post conviction proceedings in the Illinois state courts.

    In April 2015, Petitioner filed a motion in the Circuit Court of Kane County for DNA testing of a pair of his pants under 725 ILCS 5/116-3. DNA evidence was used in Petitioner's prosecution but the pants were not tested.

    Petitioner was convicted of stabbing the victim to death. *Illinois v. Hamilton*, No. 2-13-0313, 2014 WL 7274874, at *1 (Ill. App. Ct. Dec. 19, 2014). The autopsy showed that the

victim was stabbed 54 times in her head, neck and chest area, with most of them to the front of the body. *Id*.

According to Petitioner, the nature of the crime suggests that the victim's blood would be on his pants if he committed the crime. Petitioner claims he is actually innocent. He is seeking DNA testing on the pants with the hope that an absence of blood would demonstrate his innocence. Should the DNA testing show an absence of blood on the pants, Petitioner intends to file a motion for a successive postconviction petition in the state court alleging new claims of prosecutorial misconduct for withholding exculpatory evidence and use of perjured testimony. These claims are not raised in the present habeas corpus petition. Petitioner asks the Court to stay this case until the DNA testing and successive postconviction proceedings are complete.

Petitioner's motion to stay is granted. "[A] prisoner who wishes to pursue both federal habeas relief and move for DNA testing under § 116-3 may timely file his or her habeas petition and then move to stay the federal proceedings while the Illinois courts consider the DNA testing motion." *Price v. Pierce*, 617 F.3d 947, 955 (7th Cir. 2010).

Petitioner is advised that the filing of the stay motion does not, by itself, preserve for federal habeas corpus review those claims that he may choose to raise in a future state successive postconviction petition. The filing of a federal habeas corpus petition does not toll the statute of limitations for claims not raised in the petition. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Claims must be raised in the habeas corpus petition to be preserved. Petitioner is admonished that it is in his best interest to file an amended federal habeas corpus petition raising all claims as soon as possible. Claims that are not presently raised in the habeas corpus petition may be untimely if they are filed after the expiration of the statute of limitations unless the claims relate back to the claims in the original petition. To relate back, new claims must arise from the same common core of operative facts as the original claims. *Mayle v. Felix*, 545 U.S. 644, 658 (2005).

Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. In addition, Petitioner must send an exact copy of any filing to Chief, Criminal Appeals Division, Office of the Attorney General, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. The original paper filed with the Prisoner Correspondent must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the Judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to the Petitioner.

Date: September 22, 2015                                        /s/ James B. Zagel